**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Franck Olivier Nanie,

Appellant,

v.

More Opportunity Regarding Education Incorporated,

Appellee.

No. CV-26-05029-PHX-DJH

**ORDER**

The Court received a Notice of Bankruptcy Appeal by Appellant Franck Olivier Nanie ("Appellant") on July 17, 2026. However, on August 14, 2026, Appellant filed a Motion to Hold Appeal in Abeyance (Doc. 7), which was later joined by Appellee More Opportunity Regarding Education Inc. ("Appellee"). (*See* Doc. 8).

To manage its docket and promote the efficient use of judicial resources, a district court has the inherent power to stay cases. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Appellants states and Appellee agrees that this appeal presents a singular legal question for the Court to resolve: "whether the discharge exception in 11 U.S.C. § 1192(2) for 'any debt of the kind specified in section 523(a)' applies to corporate Subchapter V debtor." (Doc. 7 at 1; Doc. 8 at 1–2). But the parties have informed the Court that the Ninth Circuit is set to hear oral arguments on this exact issue in *Perfection Granite Company, LLC v. Signature Mechanical Inc.*, Case No. 25-6046. Oral arguments are set for October 26, 2026. (Doc. 8 at 2). Both parties state that the Ninth Circuit's

forthcoming opinion in *Perfection Granite* will be dispositive of the issue here. (Doc. 7 at 2; Doc. 8 at 1).

Notwithstanding the parties' representations, the Court maintains misgivings about holding a case in abeyance for an indiscriminate amount of time. These concerns are heightened where, as here, the Court is not in receipt of any briefing or even the record to ascertain for itself whether *Perfection Granite* would indeed be dispositive. Still, the Court is not in favor of making the parties expend unnecessary time and effort on briefing this matter. To combat its concerns, the Court will construe the Appellant's assertion of the issue on appeal as definitively the lone matter to be resolved here. Further, the Court will still order that the certified record be filed in this matter. No briefing will be required at this time, but expedited briefing may be ordered in the future if the parties represent that briefing is still necessary following *Perfection Granite*. With these conditions, the Court will hold this matter in abeyance until the Ninth Circuit's resolution of *Perfection Granite* or until further order by the Court.

Accordingly,

**IT IS ORDERED** that Appellant's Motion to Hold Appeal in Abeyance (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report with the Court as to whether this Appeal is moot **within seven (7) days of the Ninth Circuit's decision in *Perfection Granite***.

Dated this 2nd day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge