Franck Olivier Nanie
1001 W Macaw Drive
Queen Creek, Arizona 85140
Telephone: (602) 919-4860
Email: fnanie@gmail.com
**Appellant, in propria persona**

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 0 2 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY__________ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>**MORE OPPORTUNITY REGARDING EDUCATION, INC. dba BRIDGES PRESCHOOL,**<br>Debtor.<br>**FRANCK OLIVIER NANIE,**<br>Appellant,<br>v.<br>**MORE OPPORTUNITY REGARDING EDUCATION, INC.,**<br>Appellee. | District Court No.<br>**CV-26-05029-PHX-DJH**<br>Bankruptcy Court No.<br>**2:26-bk-01245-DPC**<br>Adversary No.<br>**2:26-ap-00098-DPC**<br>**SUGGESTION OF MOOTNESS AND MOTION TO VACATE AND REMAND**<br>(Assigned to the Honorable Diane J. Humetewa) |

Appellant Franck Olivier Nanie advises the Court that this appeal has become moot, and moves under Federal Rule of Bankruptcy Procedure 8023(c) for an order vacating the order on appeal, remanding to the Bankruptcy Court with directions to dismiss, and dismissing this appeal.

**1. The order on appeal.** Appellant appeals the Bankruptcy Court's order of July 10, 2026 dismissing Adversary Proceeding No. 2:26-ap-00098-DPC, which sought a determination that a debt owed by More Opportunity Regarding Education, Inc. ("MORE") is excepted from discharge. The order held that 11 U.S.C. § 523(a) does

not reach a corporate debtor in a case under Subchapter V of Chapter 11.

**2. What has happened since.** On September 8, 2026 the Bankruptcy Court granted "Debtor's Oral Motion to Convert." (Bankr. Dkt. 106.) MORE's case converted from Chapter 11 to Chapter 7 on September 25, 2026, a Chapter 7 trustee has been appointed, and a meeting of creditors under 11 U.S.C. § 341(a) is set for November 3, 2026. Appellant requests judicial notice of the Bankruptcy Court's records under Federal Rule of Evidence 201. Copies are attached as Exhibit 1.

**3. The appeal is moot.** "The court shall grant the debtor a discharge, unless— (1) the debtor is not an individual." 11 U.S.C. § 727(a)(1). MORE is a corporation. No discharge can issue in its Chapter 7 case, and no debt can be excepted from a discharge that cannot exist. Section 1192(2), on which the order on appeal turned, operates only in a case proceeding under Subchapter V. No decision of this Court could now affect the rights of any party.

**4. The Court has the power to vacate.** "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause . . . as may be just under the circumstances." 28 U.S.C. § 2106. This Court exercises appellate jurisdiction over this matter. 28 U.S.C. § 158(a). When a federal civil case becomes moot on appeal, the established practice is "to reverse or vacate the judgment below and remand with a direction to dismiss," a procedure that "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance," and

under which "the rights of all parties are preserved." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950).

**5. The cause of the mootness controls, and it is not Appellant's.** "The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action," and vacatur is equally warranted "when mootness results from unilateral action of the party who prevailed below." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24-25 (1994); *see also id.* at 23. MORE prevailed in the Bankruptcy Court, MORE moved to convert, and that conversion is what has mooted this appeal. *Bonner Mall* held only that "mootness by reason of settlement does not justify vacatur of a judgment under review," *id.* at 29, and no settlement is involved here. Appellant takes no position on MORE's reasons for seeking conversion; the ground for vacatur does not depend on them.

**6. A court order is required.** Rule 8023(c) provides that "[a] court order is required for any relief beyond the dismissal of an appeal—including . . . vacating an action of the bankruptcy court, or remanding the case to it." Appellant therefore moves rather than dismissing voluntarily.

**7. The pending motion.** Appellant withdraws his Motion to Hold Appeal in Abeyance (Doc. 7), in which Appellee joined (Doc. 8). A moot appeal cannot be held for the outcome of another case.

**Conclusion.** Appellant respectfully requests an order vacating the Bankruptcy Court's July 10, 2026 order, remanding with directions to dismiss Adversary

Proceeding No. 2:26-ap-00098-DPC as moot, and dismissing this appeal, each party to bear its own costs. A proposed form of order is submitted herewith.

DATED this 2nd day of October, 2026.

/s/ Franck Olivier Nanie
Franck Olivier Nanie
Appellant, in propria persona

## CERTIFICATE OF SERVICE

I certify that on October 2, 2026 I filed the foregoing with the Clerk of the Court and served a copy by electronic mail on: Allan D. NewDelman and Roberta J. Sunkin, counsel for Appellee (anewdelman@adnlaw.net); Dawn M. Maguire, Subchapter V Trustee (dmaguire@gamlaw.com); Jennifer A. Giaimo, Office of the United States Trustee (jennifer.a.giaimo@usdoj.gov); and, as a courtesy, Stuart B. Rodgers, counsel for the Chapter 7 trustee (stuart.rodgers@nrhslaw.com).

/s/ Franck Olivier Nanie

# EXHIBIT 1

**Records of the United States Bankruptcy Court**
**for the District of Arizona**
***In re More Opportunity Regarding Education, Inc.***
**No. 2:26-bk-01245-DPC**

**A.** Order to File Documents in Case Converted from Chapter 11 to Chapter 7, signed September 30, 2026 (Bankr. Dkt. 120), 1 page.

**B.** Ex Parte Stipulated Motion to Affirm Lease Rejection Date, filed September 22, 2026 by Realty Income Corporation and the Debtor (Bankr. Dkt. 116), pages 1 and 2 of 7.

FORM o11fldoc
REVISED 12/01/2009

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

MORE OPPORTUNITY REGARDING EDUCATION, INC.
dba BRIDGES PRESCHOOL
PO BOX 50699
MESA, AZ 85208
SSAN:
EIN: 86–0960143

Debtor(s)

Case No.: 2:26–bk–01245–DPC

Chapter: 7

## ORDER TO FILE DOCUMENTS

The above captioned case having been converted from a case under Chapter 11 to a case under Chapter 7, IT IS ORDERED that the debtor file the following documents within the time limits specified.

1. A supplemental mailing list containing the names and addresses of any creditors not previously listed, to include any creditors which are to be listed on the schedule of unpaid debts. The supplemental mailing list is to be filed no later than seven days from the date of conversion. Should the supplemental mailing list not be timely filed, debtor shall have the responsibility and duty to give notice to any creditors listed thereon.

2. A schedule of unpaid debts incurred during the Chapter 11 proceeding within 14 days of the date of conversion.

3. Amended schedules: A – Real Property and B – Personal Property listing those assets as of the date of conversion to Chapter 7 within 14 days of the date of conversion.

4. If the conversion was after confirmation of plan, the debtor shall file:
   A. a schedule of property acquired after the filing of the petition;
   B. a schedule of unpaid debts incurred after confirmation and;
   C. a schedule of executory contracts and unexpired leases entered or assumed after the filing of the petition.

5. A final report and account to include an accounting of all assets listed in the Chapter 11 schedules and a complete inventory of all assets remaining at the time of conversion within 30 days of the date of conversion.

NOTICE IS ALSO GIVEN that the order was entered on the docket this date.

Date: September 30, 2026

BY THE COURT

**<u>Honorable Daniel P. Collins</u>**
United States Bankruptcy Judge

Address of the Bankruptcy Clerk's Office:
U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003–1727
Telephone number: (602) 682–4000
www.azb.uscourts.gov

Craig S. Ganz (AZ 023650)
Joel F. Newell (AZ 025296)
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
E-mail: ganzc@ballardspahr.com
E-mail: newellj@ballardspahr.com

*Attorneys for Realty Income Corporation*



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MORE OPPORTUNITY REGARDING EDUCATION, INC., d/b/a BRIDGES PRESCOOL,<br><br>Debtor. | Chapter 11 - Subchapter V<br><br>Case No. 2:26-bk-01245-DPC<br><br>**EX PARTE STIPULATED MOTION TO AFFIRM LEASE REJECTION DATE** |

Realty Income Corporation ("Realty Income") files this Stipulated Motion to Affirm Lease Rejection Date (the "Stipulated Motion") between Realty Income and More Opportunity Regarding Education, Inc., d/b/a Bridges Preschool, the debtor and debtor-in-possession herein (the "Debtor"). Realty Income is the fee owner and landlord of (a) the real property located at 1997 W. Elliot Road, Chandler, Arizona 85286 (the "Chandler Premises") and (b) the real property located at 7570 S. Willow Drive, Tempe, Arizona 85283 (the "Tempe Premises" and, together with the Chandler Premises, the "Premises"). Debtor leased the Chandler Premises from Realty Income pursuant to that certain Land and Building Lease Agreement dated as of August 23, 2011, as amended (the "Chandler Lease"). Debtor leased the Tempe Premises from Realty Income pursuant to that certain Land and Building Lease Agreement dated as of September 18, 2010, as amended (the "Tempe Lease" and, together with the Chandler Lease, the "Leases"). Debtor entered into

a Sublease Agreement dated March 15, 2024 with Little Einstein Preschool, LLC ("Subtenant") for the Chandler Premises, pursuant to which Subtenant subleased the Chandler Premises from Debtor for the remainder of the Chandler Lease term through March 31, 2027 (the "Sublease"). Realty Income consented to the Sublease by that certain Consent to Sublease dated April 25, 2024. On September 9, 2026, the Court entered a minute entry order converting this case to Chapter 7, effective at the close of business on September 25, 2026 (the "Conversion Date"). The Debtor did not assume the Leases or the Sublease prior to the Conversion Date, and the Leases are deemed rejected under section 365(d)(4) of the Bankruptcy Code. Subtenant has paid rent for September 2026 under the Sublease. The parties wish to affirm that the effective date of rejection of the Leases is September 30, 2026, to allow for an orderly transition of the Premises and to account for the Subtenant's payment of September 2026 rent. Realty Income and the Debtor respectfully request that the Court enter an order contemporaneously lodged herewith approving this stipulation.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## I. Background

On February 11, 2026 (the "Petition Date"), Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), electing to proceed under Subchapter V. Debtor operated its business and managed its properties as a debtor-in-possession pursuant to sections 1184, 1107 and 1108 of the Bankruptcy Code, and no chapter 11 trustee was appointed. Dawn Maguire was appointed as the Subchapter V Trustee on the Petition Date. Realty Income is the fee owner and landlord of the Premises. Prior to the Petition Date, Debtor entered into the Leases with Realty Income, and subsequently entered into the Sublease with Subtenant with respect to the Chandler Premises. Debtor scheduled both Leases on its Schedule G. The Debtor's deadline to assume or reject the Leases under section 365(d)(4) of the Bankruptcy Code was extended by prior order of this Court to September 9, 2026. On September 9, 2026, the Court granted the Debtor's oral motion to convert the case to Chapter 7, effective at the close of business on September 25, 2026.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>**MORE OPPORTUNITY REGARDING EDUCATION, INC. dba BRIDGES PRESCHOOL,**<br>Debtor.<br>**FRANCK OLIVIER NANIE,**<br>Appellant,<br>v.<br>**MORE OPPORTUNITY REGARDING EDUCATION, INC.,**<br>Appellee. | District Court No.<br>**CV-26-05029-PHX-DJH**<br>Bankruptcy Court No.<br>**2:26-bk-01245-DPC**<br>Adversary No.<br>**2:26-ap-00098-DPC**<br>**[PROPOSED] ORDER**<br>(Assigned to the Honorable Diane J. Humetewa) |

Pending before the Court is Appellant's Suggestion of Mootness and Motion to Vacate and Remand.

The Court takes judicial notice of the records of the United States Bankruptcy Court for the District of Arizona in *In re More Opportunity Regarding Education, Inc.*, No. 2:26-bk-01245-DPC, which reflect that the Bankruptcy Court granted the Debtor's oral motion to convert and that the case converted from Chapter 11 to Chapter 7 on September 25, 2026.

A corporate debtor receives no discharge in a case under Chapter 7. 11 U.S.C. § 727(a)(1). The adversary proceeding underlying this appeal sought a determination that a debt is excepted from discharge. Because no discharge can issue, no effectual

relief remains available and this appeal is moot. The mootness results from the act of the party that prevailed in the Bankruptcy Court, and vacatur is therefore appropriate. 28 U.S.C. § 2106; *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24-25 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950); Fed. R. Bankr. P. 8023(c).

Accordingly,

**IT IS ORDERED** that the Suggestion of Mootness and Motion to Vacate and Remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the order of the United States Bankruptcy Court for the District of Arizona entered July 10, 2026 dismissing Adversary Proceeding No. 2:26-ap-00098-DPC is **VACATED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the United States Bankruptcy Court for the District of Arizona with directions to dismiss Adversary Proceeding No. 2:26-ap-00098-DPC as moot.

**IT IS FURTHER ORDERED** that the Motion to Hold Appeal in Abeyance is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this appeal is **DISMISSED**, that each party shall bear its own costs, and that the Clerk of Court shall close this case.

DATED this _______ day of __________________, 2026.

________________________________

Honorable Diane J. Humetewa
United States District Judge